### Boston v. Trent, et al.

(Decided November 19, 1926.)

### Appeal from Metcalfe Circuit Court.

1. Mortgages.—In suit by mortgagee against mortgagor, his former partner a purchaser, and another mortgagee, where defendants contended that note was without consideration, evidence held to sustain judgment canceling lien by which mortgage was secured.
2. Appeal and Error.—Where, on the whole case, the mind is left in such doubt that it cannot be said with reasonable certainty that chancellor has erred, his judgment will be affirmed.

J. W. KINNAIRD for appellant.

V. H. BAIRD and G. B. STONE for appellees.

JOHN P. CUSICK, warning order attorney.

OPINION OF THE COURT BY JUDGE REES—Affirming.

W. A. Boston and H. N. Trent were for a number of years partners engaged in the business of buying and selling tobacco. Trent owned a farm consisting of seventy-five acres which he conveyed on March 2, 1922, to appellee, W. H. Clark. The partnership lost money in its trading operations and Trent became financially embarrassed before the sale of his farm. On April 17, 1919, he executed to appellee, the People's Bank of Metcalfe County, a mortgage on his land to secure an indebtedness to the bank of $2,500.00, and on March 8, 1920, he executed another mortgage to the bank to secure a further indebtedness to it of $1,100.00. On June 17, 1919, he

executed to appellee, W. H. Clark, a mortgage on the same land to secure an indebtedness to him of $1,100.00. On June 8, 1920, Trent borrowed $800.00 from the People's Bank and on December 8, 1920, he borrowed another $800.00 from the bank and the appellee, W. H. Clark, signed the notes for these amounts as surety. On March 1, 1920, Trent executed to the appellant, W. A. Boston, a mortgage on his land to secure an alleged indebtedness of $2,000.00.

When he borrowed the $1,100.00 from the People's Bank on March 8, 1920, the bank had the title to the land examined and discovered the mortgage of March 1, 1920, to appellant. Trent at once procured a receipt from appellant showing that the $2,000.00 indebtedness secured by this mortgage had been paid in full and delivered this receipt to the bank. On June 21, 1920, Trent executed another mortgage to appellant to secure an alleged indebtedness of $1,000.00. All of these mortgages were on record when Trent conveyed the land to Clark on March 2, 1922. The consideration recited in the deed was the cancellation by Clark of the $1,100.00 mortgage of June 17, 1919, and the assumption by him of the two mortgages to the People's Bank for $2,500.00 and $1,100.00 respectively and the payment by him of the two notes for $800.00 each held by the bank and on which he was surety, making a total consideration of $6,300.00. The proof discloses that the land was worth at the time it was conveyed not to exceed $5,000.00. After Trent conveyed the land to Clark he moved to Illinois.

On November 17, 1922, appellant instituted suit in the Metcalfe circuit court in which H. N. Trent, W. H. Clark and the People's Bank of Metcalfe County were named as defendants. In his petition appellant sought to recover judgment against Trent for $2,000.00, with interest from March 1, 1920, and for $1,000.00, with interest from June 21, 1920, and to have a lien adjudged on the land and to have it sold to satisfy the indebtedness. Trent was proceeded against as a nonresident and never entered his appearance in the action. W. H. Clark and the People's Bank filed a joint answer which was in four paragraphs. In the second paragraph they alleged that the notes sued on were given without consideration and were executed and delivered by H. N. Trent to W. A. Boston with the intent and for the purpose of protecting H. N. Trent and his property from his other

creditors. In paragraph 3 they alleged that if the notes had been executed for any consideration that they had been fully paid. In paragraph 4 they alleged that appellant had represented to them that the notes sued on had been satisfied and that he had no claim against the land sought to be sold. They filed with their answer the receipt of appellant acknowledging payment of the $2,000.00 note.

In his reply appellant admitted that the $2,000.00 note had been paid, but denied that the note for $1,000.00 had been executed without consideration or that it had been paid. Appellant alone testified for himself. He stated that he collected insurance amounting to $11,000.00 for the firm composed of Trent and himself, though he was unable to fix the date when the insurance money was collected; that $5,500.00 of this insurance money belonged to Trent and that appellant paid to himself $2,000.00 of Trent's part of this money to take up the $2,000.00 note of March 1, 1920; that no part of the remainder of the insurance money was applied to the payment of the $1,000.00 note, but that the remaining $3,500.00 belonging to Trent was applied to the payment of notes that Trent had executed to a warehouse company in Louisville, Kentucky, and on which appellant was surety. He was unable to produce the cancelled notes or any receipts showing the payment of this money to the warehouse company; nor was he able to show that any consideration had passed from him to Trent before or at the time either of these notes was executed. He admitted in his deposition that he knew of the negotiations between Trent and Clark leading up to the transfer of the land to Clark and that he had been consulted in regard to his mortgage on Trent's land, and that on December 31, 1921, he wrote to a representative of the People's Bank in which he stated that he had been looking over the land and had decided "that it was no use for me to have anything to do with bringing a suit to sell it as I do not think it will bring what you and Uncle Henry Clark has against it, not saying anything about mine." He further stated in this letter that if Clark and the bank wanted to bring suit to have it sold he would pay in proportion to what each got out of it, otherwise he declined to have anything to do with it.

The appellee, Herny Clark, is an illiterate negro and was 77 years of age when the land was conveyed to him

by Trent. After the case was prepared for trial it was submitted for hearing and the chancellor entered a judgment cancelling the lien by which the mortgage for $1,000.00 was secured. The chancellor had the advantage of personal knowledge of and acquaintance with the parties to this transaction, and taking into account the facts and circumstances surrounding the parties we cannot say that he erred. We think this case comes clearly within the rule that if upon the whole case the mind is left in such doubt that it cannot be said with reasonable certainty that the chancellor has erred, his judgment will be affirmed.

Judgment affirmed.